IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LOHN SCHROER,

            Plaintiff,

vs.

BALDWIN FILTERS, INC.,

            Defendant.

8:13CV101

FINDINGS AND
RECOMMENDATION

      This matter is before the court on the plaintiff's Motion to Remand (Filing No. 9). The plaintiff filed an index of evidence (Filing No. 10) in support of the motion. The defendant filed a brief (Filing No. 11) in opposition. The plaintiff did not file a brief in reply.

      On March 27, 2013, the defendant, Baldwin Filters, Inc. (Baldwin), removed this action from the District Court of Buffalo County, Nebraska, to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. Baldwin alleges this action is removable pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* ¶¶ 6, 10-15. On April 26, 2013, the plaintiff, Lohn Schroer (Schroer), filed the instant motion to remand arguing, based upon the inconvenience of the parties and witnesses, increased costs, and issues of first impression under Nebraska state law, the United States District Court for the District of Nebraska is an inconvenient forum for this action. **See** Filing No. 9 - Motion p. 3. For the reasons set forth below, the undersigned magistrate judge recommends Schroer's motion to remand be denied.[1]

---

[1] The court is entering this Findings and Recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** ***Vogel v. U.S. Office Prods. Co.***, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), ***Williams v. Beemiller, Inc.***, 527 F.3d 259 (2d Cir. 2008), ***Stefanik v. City of Holyoke***, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and ***Johnson v. Tyson Fresh Meats, Inc.***, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** ***White v. State Farm Mut. Auto. Ins. Co.***, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In ***Vogel***, the court concluded:

    [W]e apply a functional equivalency test to see if a particular motion has
    the same practical effect as a recognized dispositive motion. Applying

## BACKGROUND

Schroer's action arises from a dispute about Schroer's termination from Baldwin. **See** Filing No. 1-1 - Complaint. Schroer, a Nebraska resident, was a regular full-time employee at Baldwin from 2001 to 2011. *Id.* ¶¶ 1, 3. Baldwin operates a manufacturing plant in Kearney, Nebraska, and is a wholly owned subsidiary of Clarcor, Inc., which is a Delaware corporation with its principal place of business in Franklin, Tennessee. **See** *id.*; Filing No. 1-2 - John William Musick Aff. p. 1. Schroer alleges while working for Baldwin in 2004, Schroer sustained an injury and, as a result, became forty-percent disabled but was able to work under certain work restrictions. **See** Filing No. 1-1 - Complaint ¶¶ 4-5. Schroer alleges Baldwin had knowledge of the restrictions. *Id.* Schroer alleges a Baldwin supervisor harassed and discriminated against Schroer due to Schroer's disability. *Id.* ¶¶ 6-7. Schroer alleges Baldwin knew or should have known about the supervisor's conduct. *Id.* ¶ 8. Schroer alleges Baldwin terminated Schroer in 2011 against public policy and in violation of Schroer's contract with Baldwin. *Id.* ¶ 4.

Schroer filed the complaint in the District Court of Buffalo County, Nebraska, against Baldwin on February 25, 2013, alleging four causes of action. *Id.* ¶¶ 10-25. Schroer alleges breach of contract, breach of good faith and fair dealing, careless hiring and retention, and wrongful termination. *Id.* Schroer seeks $540,000 in lost wages, other damages as determined at trial, reinstatement, promotions, reasonable accommodations, and reimbursement of attorney's fees. *Id.* ¶ 19.

## ANALYSIS

The court must look to a federal statute to determine if an action was properly removed to federal court. The federal statute governing removal provides:

---

> that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D. N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Baldwin removed this action based on diversity jurisdiction;[2] therefore, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. **See** 28 U.S.C. § 1332(a). The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand[.]" ***Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.***, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted).

Schroer argues the complaint does not allege any federal question. **See** Filing No. 9 - Motion p. 2. Schroer argues the complaint contains issues of first impression that should be decided by Nebraska courts. *Id.* Schroer contends all events occurred in Buffalo County, Nebraska, and all witnesses reside in Buffalo County, Nebraska. *Id.* Schroer asserts trial in Omaha, Nebraska, is an inconvenient forum for this action and will increase the costs of handling this action. *Id.* at 3.

Baldwin argues Schroer fails to provide a legally justified reason for remand. **See** Filing No. 11 - Response p. 1. Baldwin argues inconvenience is irrelevant to removal. *Id.* at 4. Additionally, Baldwin argues federal courts are capable of deciding questions of first impression under state law. *Id.* Baldwin contends removal is

---

[2] "Defendant removed this matter under 28 U.S.C. § 1441(a) based upon diversity jurisdiction." **See** Filing No. 11 - Response p. 1.

appropriate because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum. *Id.* at 3-4.

The court finds it has subject-matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. First, the parties are diverse. Baldwin is a wholly owned subsidiary of Clarcor, Inc., which is a Delaware corporation with its principal place of business in Franklin, Tennessee. Schroer is a Nebraska citizen. Second, Schroer's claim exceeds the $75,000 jurisdictional minimum. **See** Filing No. 1-1 - Complaint ¶ 9 (alleging $540,000 in lost wages). Lastly, Schroer does not contest the parties are diverse. Accordingly,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**
Schroer's Motion to Remand (Filing No. 9) be denied.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 13th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge