## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LOHN SCHROER,** | |
| **Plaintiff,** | **8:13CV101** |
| vs. | |
| **BALDWIN FILTERS, INC.,** | **ORDER** |
| **Defendant.** | |

This matter is before the court on the defendant's Motion to Dismiss, or, in the Alternative, to Strike and for a More Definite Statement (Filing No. 7).[1] The defendant filed a brief (Filing No. 8) in support of the motion. The plaintiff filed a brief (Filing No. 21) in opposition. The defendant filed a brief (Filing No. 24) in reply.

## BACKGROUND

This matter arises from the alleged wrongful termination of the plaintiff, Lohn Schroer, by the defendant, Baldwin Filters, Inc. The plaintiff's complaint sets forth multiple factual allegations, which the court relies on for the purposes of the defendant's motion. The plaintiff alleges the following facts:

> The defendant hired the plaintiff on December 4, 2000, to work full-time at the defendant's manufacturing plant in Kearney, Nebraska. *See* Filing No. 1-1 – Ex. 1 Complaint ¶ 3. The defendant employed the plaintiff under certain terms and conditions for approximately ten years until December 2011, when the defendant terminated the plaintiff's employment. *Id.* ¶¶ 3-4. Those terms and conditions restricted the defendant's ability to terminate the plaintiff. *Id.* ¶ 3. While working for the defendant in 2004, the plaintiff sustained an injury and, as a result, became forty-percent disabled but was able to work with restrictions. *Id.* ¶ 5. The defendant continued to employ the plaintiff "with the knowledge of the restrictions." *Id.* The defendant also employed Corrie Crowin (Crowin) as the plaintiff's supervisor. *Id.* ¶ 6. Crowin "harassed Plaintiff during working hours and discriminated against Plaintiff due to his disability." *Id.* ¶ 7. "Corrie Crowin was acting within the course and scope of employment with the Defendant. Corrie

---

[1]   The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  *See* Filing No. 26.

...

> Crowin was acting on the Defendant's behalf when the incident took place." **Id.** ¶ 8. The "incident" is not described in the complaint.

Based on these alleged facts the plaintiff filed a complaint on February 22, 2013, in the District Court of Buffalo County, Kearney, Nebraska. **See** Filing No. 1-1 – Ex. 1 Complaint. The plaintiff lists four claims for relief. The plaintiff alleges the defendant "failed to fulfill the terms of its employment contract with plaintiff," thereby breaching the contract (Claim 1). **Id.** ¶ 11. The plaintiff alleges the defendant "owed Plaintiff a duty of good faith and fair dealing in its termination and harassment of Plaintiff," and "Defendant's harassment of Plaintiff due to his disability violates good faith and fair dealing as well as public policy" (Claim 2). **Id.** ¶¶ 14-16. The plaintiff alleges the "Defendant failed to take reasonable care in hiring its workers . . . or in keeping them on after learning the worker poses a potential danger" and accordingly "Defendant acted carelessly in that it knew or should have known that its employee, Corrie Crowin, was unfit for the job, yet the Defendant did nothing about it," as the basis for a claim for careless hiring and retention (Claim 3). **Id.** ¶¶ 20-21. Finally, the plaintiff alleges he was wrongfully terminated (Claim 4) because he "was fired or laid off as an employee in violation of a written employment agreement," as well as "denied promotions and training by the Defendant in violation of his employment agreement." **Id.** ¶ 24. The plaintiff seeks $540,000.00 in lost wages in addition to lost benefits and emotional distress and other damages to be determined at trial. **See id.** at ¶ 9.

On March 27, 2013, the defendant removed the case to the United States District Court for the District of Nebraska. **See** Filing No. 1 – Notice of Removal. The defendant removed the case based on diversity of citizenship, pursuant to 28 U.S.C.A. § 1332. **Id.** ¶ 6. On April 19, 2013, the defendant filed the instant motion. **See** Filing No. 7. The defendant argues Claim 1 fails to state a claim because generally in Nebraska employment is without a contract and considered to be at-will such that the employer can terminate the employee at any time for any reason. **See** Filing No. 8 – Brief p. 5. The defendant argues the plaintiff failed to allege sufficient facts to show there was a contract. **Id.** at 6. Further, the defendant argues Claim 2 is insufficient without proof of the contract because in Nebraska an employer only owes a duty of good faith and fair dealing if there is an employment contract. **Id.** The defendant also argues the plaintiff failed to state facts that would support Claim 3 to prove Crowin unfit.

2

*Id.* at 8. The defendant argues the plaintiff did not state a particular public policy that was violated to make his termination wrongful. *Id.* at 9. Furthermore, the defendant argues all of the plaintiff's claims are essentially disability discrimination claims and therefore fall under the Nebraska Fair Employment Practices Act (NFEPA) that has a statute of limitations of 300 days, which began to run when the plaintiff's employment ended in December 2011. *Id.* at 9-12. The plaintiff denies his claims must fall under NFEPA and argues instead his claims arise under tort and contract law. **See** Filing No. 21 – Response p. 4-5.

Alternatively, if the defendant's motion to dismiss is denied, the defendant moves to strike, in part, and for a more definite statement. The defendant contends paragraphs V, VII, and XVI contain irrelevant and scandalous materials and should be stricken. **See** Filing No. 8 – Brief p. 12. The defendant moves for a more definite statement on grounds the complaint lacks factual specificity in several respects. *Id.* The defendant argues, at a minimum, the plaintiff must include "the facts establishing an employment contract between Plaintiff and Defendant; the public policy allegedly violated by Defendant; [and] the source of the duty of good faith and fair dealing" if the defendant is to effectively prepare a response. *Id.*

## ANALYSIS

### A. Motion to Strike

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). A party may move the court to strike an opposing party's pleading or a portion of the pleading "before responding to the pleading." *Id.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). **See** *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011). "Because such relief is an extreme measure, however, motions under Rule 12(f) are viewed with disfavor in the Eighth Circuit and are infrequently granted." *E.E.O.C. v. Product Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (internal quotations omitted). Courts are

3

concerned the motion may only serve to delay proceedings.  See *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Accordingly, a motion to strike is denied if the content sought to be stricken "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). "Even matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit." *Jones v. Dolgencorp, Inc.*, 789 F. Supp. 2d 1090, 1096 (N.D. Iowa 2011) (internal quotations omitted).  By contrast, an averment with no basis in law may be stricken.  See *United States v. Dico, Inc.*, 266 F.3d 864, 879-80 (8th Cir. 2001) (striking defenses when foreclosed by circuit precedent); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917-18 (8th Cir. 2007) (upholding decision to strike punitive damage prayer where claim forming basis for prayer insufficiently plead under Fed. R. Civ. P. 9); *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 874 (W.D. Mo. 2012) (striking when "no apparent connection found" between allegation and claim).

Generally, motions to strike are granted only when the court is "convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the [claim] succeed." *Williamson v. Unifund CCR Partners*, 2009 WL 187702, at *3 (D. Neb. 2009) (**quoting** *Pucket v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999)).  Furthermore, allegations will not be stricken as immaterial under this rule "unless it can be shown that no evidence in support of the allegation would be admissible." *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo 1985).  "Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation." *Ingram v. Grant Joint Union High Sch. Dist.*, 2010 WL 3245169, at *5 (E.D. Cal. 2010) (**citing** *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike.  See *Sobba v. Elmen*, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006).

The defendant argues paragraphs V, VII, and XVI of the plaintiff's complaint should be stricken.  See Filing No. 8 – Brief p. 12.    Paragraph V asserts the defendant

4

knew of the plaintiff's disability.  **See** Filing No. 1-1 – Ex. 1 Complaint ¶ 5.  Paragraph VII asserts Crowin harassed the plaintiff because of his disability.  *Id.*  ¶ 7.  Paragraph XVI asserts the defendant harassed the plaintiff because of his disability in violation of the duty of good faith and fair dealing.  *Id.*  ¶ 16.  The defendant argues this material is irrelevant and scandalous as to the claims as they are alleged, therefore it should be stricken.  **See** Filing No. 8 – Brief p. 12.  Specifically, the defendant contends reference to the plaintiff's disability would be relevant to a disability discrimination claim, but such references are not relevant to contract and tort claims, as plead.  *Id.*

The disputed paragraphs contain information providing important background and context to the plaintiff's claims.  The plaintiff's disability and the alleged discrimination and harassment he experienced because of the disability are relevant to the context and background of the negligent selection and retention claim, as is the defendant's knowledge of the disability.  This information is also relevant to the context and background to the plaintiff's good faith and fair dealing claim.  The defendant fails to show the allegations are immaterial or irrelevant to the issues involved in the action.  The defendant further fails to show that no evidence in support of the allegation would be admissible, or that it suffers undue prejudice as a result of the inclusion of these paragraphs.  The court finds the defendant fails to show paragraphs V, VII, and XVI contain redundant, immaterial, impertinent, or scandalous matter.  Therefore, the defendant's motion to strike is denied.

**B.     Motion to Dismiss, or, in the Alternative, for a More Definite Statement**

The defendant argues the plaintiff fails to state a claim upon which relief can be granted because the plaintiff's complaint fails to state facts sufficient to show the plaintiff is entitled to relief and instead states only conclusory allegations.  **See** Filing No. 7 – Motion p. 5.  Specifically, the defendant contends the plaintiff's complaint contains no details concerning the employment contact, including who was involved and whether it was oral or written.  *Id.* at 5-6.  Further, the defendant argues the plaintiff fails to set forth specific or sufficient facts showing the existence of a claim for negligent hiring or retention.  *Id.* at 7.  The defendant asserts the plaintiff's claim for wrongful termination similarly lacks sufficient factual allegations concerning which public policy the defendant violated and which employee of the defendant violated it.  *Id.* at 9.  Lastly, the defendant

argues the plaintiff's claims are essentially disability discrimination claims under the NFEPA, and therefore should be dismissed as barred by the 300 day statute of limitations in Neb. Rev. Stat. § 48-1118. *Id.* at 11.

The plaintiff admits numerous times "[t]he complaint was prepared under the pleading rules of Nebraska state law and not the pleading rules of the Federal Court." Filing No. 21 – Response p. 2. The plaintiff concedes the defendant's motion for a more definite statement should be granted. *Id.* The plaintiff's allegations are not completely without factual support but they may fail to cross "the line between possibility and plausibility of entitlement to relief." **Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 557 (2007). Assuming without deciding the complaint in its current form does not satisfy the ***Twombly*** standards for federal proceedings, the defendant's motion for a more definite statement under Rule 12(e) is granted. Dismissal without leave to amend, as the defendant suggests, is not appropriate under the circumstances. Upon consideration,

**IT IS ORDERED**:

The defendant's Motion to Dismiss, or, in the Alternative, to Strike and for a More Definite Statement (Filing No. 7) is denied in part and granted in part. The defendant's motion for a more definite statement is granted to the extent the plaintiff shall have until **August 12, 2013**, to file an amended complaint. The motion is denied in all other respects.

Dated this 29th day of July, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge