IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LOHN SCHROER,** | |
| Plaintiff, | **8:13CV101** |
| vs. | |
| **BALDWIN FILTERS, INC.,** | **ORDER** |
| Defendant. | |

This matter is before the court on the defendant's Motion to Dismiss, or, in the alternative, to Strike (Filing No. 34).[1] The defendant filed a brief (Filing No. 35) and index of evidence (Filing No. 36) in support of the motion. The plaintiff filed a brief (Filing No. 37) in opposition. The defendant filed a brief (Filing No. 38) in reply.

## BACKGROUND

This matter arises from the alleged wrongful termination of the plaintiff, Lohn Schroer (Schroer), by the defendant, Baldwin Filters, Inc. (Baldwin). On February 22, 2013, Schroer filed a complaint in the District Court of Buffalo County, Kearney, Nebraska. **See** Filing No. 1-1 - Ex. 1 Complaint. On March 27, 2013, Baldwin removed the case to the United States District Court for the District of Nebraska. **See** Filing No. 1 - Notice of Removal. On April 19, 2013, Baldwin moved to dismiss Schroer's complaint or, in the alternative, strike and for a more definite statement. **See** Filing No. 7. On July 29, 2013, the court granted the motion for a more definite statement and denied the motion in all other respects. **See** Filing No. 28 - Order. On August 9, 2012, Schroer filed an Amended Complaint. **See** Filing No. 29.

Schroer's Amended Complaint sets forth multiple factual allegations, which the court relies on for the purposes of Baldwin's motion. Schroer alleges the following facts: Baldwin hired Schroer on December 4, 2000, to work full-time at Baldwin's manufacturing plant in Kearney, Nebraska. **See** Filing No. 29 - Amended Complaint ¶ 3. Baldwin employed Schroer under certain terms and conditions for approximately ten years until December 2011, when Baldwin terminated Schroer's employment. ***Id.*** ¶¶ 3-

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). **See** Filing No. 26.

4. Those terms and conditions restricted Baldwin's ability to terminate Schroer. *Id.* ¶ 3. While working for Baldwin in 2004, Schroer sustained an injury and, as a result, became forty-percent disabled but was able to work with restrictions. *Id.* ¶ 5. Baldwin continued to employ Schroer "with the knowledge of the restrictions." *Id.* Baldwin also employed Corrie Crowin (Mr. Crowin) as Schroer's supervisor. *Id.* ¶ 6. Mr. Crowin "harassed Plaintiff during working hours and discriminated against Plaintiff due to his disability." *Id.* ¶ 7. "[Mr.] Crowin was acting within the course and scope of employment with the Defendant. [Mr.] Crowin was acting on the Defendant's behalf when the incident took place." *Id.* ¶ 9.[2]

In the Amended Complaint, Schroer added the following allegation presumably describing the incident:

> That the Defendant, through its employee, [Mr.] Crowin, ultimately terminated Plaintiff after Plaintiff left a lockout device on a machine while working at Defendant's Kearney, Nebraska facility. The lockout device was required by, among other laws and policies, Occupational Safety & Health Administration (OSHA) regulations, 29 C.F.R. 1910 et seq.; by Nebraska Health and Safety Regulations, Neb. Rev. Stat. 48-401 et seq.; and by Defendant's own safety procedures to remain present for the safety of Plaintiff and other employees. That termination based upon following mandatory safety procedures is against public policy.

**See** Filing No. 29 - Amended Complaint. Schroer maintains four claims for relief: breach of contract, breach of the implied covenant of good faith and fair dealing, negligent hiring and supervision, and wrongful termination in violation of public policy. *Id.* Schroer seeks $540,000.00 in lost wages in addition to lost benefits and emotional distress and other damages to be determined at trial. *Id.* at ¶¶ 10, 31.

On September 6, 2013, Baldwin filed the instant motion to dismiss, or in the alternative, to strike. **See** Filing No. 34 - Motion. Baldwin generally argues Schroer failed to state a claim for wrongful termination under Nebraska law, Schroer failed to state a claim for breach of contract, Schroer's claim for negligent hiring and supervision is insufficient because Schroer did not allege a single fact that would put Baldwin on notice of employee misconduct, and to the extent Schroer alleges harassment and discrimination, Schroer's claims are barred by the applicable statute of limitations. **See**

---

[2] These facts are identical to those alleged in the plaintiff's original complaint.

Filing No. 35 - Brief; Filing No. 38 - Reply. Alternatively, Baldwin argues if the court does not dismiss Schroer's Amended Complaint, the court should strike the following paragraphs in Schroer's Amended Complaint: "Punitive damages in an amount to be determined at trial" in paragraph X(e) and "[r]eimbursement of attorney's fees" in Paragraph X(i). **See** Filing No. 35 - Brief p. 9. Baldwin argues Schroer has cited no statutory provision supporting such relief. *Id.*

Schroer generally argues he sufficiently alleges facts showing Baldwin breached Schroer's employment contract and wrongfully terminated him in violation of public policy. **See** Filing No. 37 - Response p. 2-7. Schroer also argues he sufficiently alleges facts sufficient to establish a contract and Baldwin was negligent in hiring and retaining Mr. Crowin. *Id.* Schroer contends his claims are within the applicable four and five year statute of limitations. *Id.* Lastly, Schroer asserts the court should deny Baldwin's alternative motion to strike because attorney's fees and punitive damages are allowed. *Id.* at 7-8.

## ANALYSIS

### A. Motion to Dismiss

"Federal Rule of Civil Procedure 8 requires that a complaint present a short and plain statement of the claim showing that the pleader is entitled to relief." **Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 594 (8th Cir. 2009). "Dismissal under Rule 12(b)(6) is appropriate if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." **O'Neal v. State Farm Fire & Cas. Co.**, 630 F.3d 1075, 1077 (8th Cir. 2011). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" **Gomes v. American Century Co., Inc.**, 710 F.3d 811, 815 (8th Cir. 2013) (**quoting** **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal**, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Erickson v. Pardus**, 551 U.S. 89, 93 (2007) (**quoting**

3

***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007)). In applying these standards, "a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." ***U.S. ex rel Raynor v. Nat'l Rural Util. Co-op. Fin., Corp.***, 690 F.3d 951, 955 (8th Cir. 2012). The court reviews "the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." ***Whitney v. Guys, Inc.***, 700 F.3d 1118, 1128 (8th Cir. 2012).

### 1. Breach of Contract and Good Faith and Fair Dealing

Baldwin argues Schroer's breach of contract claim fails because Schroer does not allege sufficient facts to establish a contract under the Federal Rules of Civil Procedure. **See** Filing No. 35 - Brief p. 6-7. By extension, Baldwin argues Schroer's claim for breach of the implied covenant of good faith and fair dealing also fails as no contract existed. *Id.* In response, Schroer argues he sufficiently alleges the formation of a written contract and the details of the contract such as the employment period, pay scale, and contract terms, including those related to restrictions on termination. **See** Filing No. 37 - Response p. 4.

"In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." ***Henriksen v. Gleason***, 643 N.W.2d 652, 658 (Neb. 2002). "[T]he burden of proving the existence of an employment contract and all the facts essential to the cause of action is upon the person who asserts the contract." ***Blinn v. Beatrice Cmty. Hosp. & Health Ctr., Inc.***, 708 N.W.2d 235, 245 (Neb. 2006). "The language which forms the basis of an alleged employment contract, whether oral or written, must constitute an offer definite in form which is communicated to the employee, and the offer must be accepted and consideration furnished for its enforceability." *Id.* "[C]ontractual terms . . . may be created by employee handbooks and oral representations." ***Hillie v. Mut. of Omaha Ins. Co.***, 512 N.W.2d 358, 361 (Neb. 1994). "The implied covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract." ***RSUI Indem. Co. v. Bacon***, 810 N.W.2d 666, 674 (Neb. 2011). "A violation of the covenant of good faith

4

and fair dealing occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract." *Id.*

Schroer alleges facts regarding the formation and terms of his employment contract. **See** Filing No. 29 - Amended Complaint p. 1-5. Schroer alleges the terms of the contract restricted Baldwin's ability to terminate Schroer. *Id.* Schroer also alleges Schroer's salary, among other benefits, was scaled depending on length of employment. *Id.* Assuming the facts in the Amended Complaint are true that Schroer's termination violated contractual provisions, Baldwin could be responsible for breach of the contract and the implied duty of good faith and fair dealing. Schroer did not plead with specificity in the Amended Complaint the terms restricting Schroer's termination, however, at this stage, specific facts are unnecessary. **See *Erickson***, 551 U.S. at 93. After construing all reasonable inferences in Schroer's favor, Schroer's Amended Complaint sufficiently states causes of action for breach of contract and breach of the implied duty of good faith and fair dealing in employment contracts.

### 2.   Negligent Hiring and Supervision

Baldwin argues Schroer's claim for careless hiring and retention should be dismissed because Schroer does not allege a single fact that occurred before Schroer's termination that would have put Baldwin on notice of an employee's alleged wrongful actions. **See** Filing No. 35 - Brief p. 7-8. Schroer argues Baldwin's employee and Schroer's supervisor, Mr. Crowin, committed wrongful acts and Baldwin should have known of Mr. Crowin's misconduct through employee exit interviews or periodic reviews of Mr. Crowin's work. *Id.*

Nebraska recognizes claims for negligent hiring and negligent supervision. **See, e.g., *Kime v. Hobbs***, 562 N.W.2d 705 (Neb. 1997) (negligent hiring); ***Schieffer v. Catholic Archdiocese of Omaha***, 508 N.W.2d 907 (Neb. 1995) (negligent supervision). Under Nebraska law, a defendant charged with negligence must have "had knowledge or [be] reasonably charged with knowledge that the act or omission involved danger to another." ***McClure v. Forsman***, 662 N.W.2d 566, 571 (Neb. 2003).

Schroer alleges there were defects in Mr. Crowin's work in that Mr. Crowin discriminated against Schroer and improperly disciplined Schroer for following safety protocols. **See** Filing No. 29 - Amended Complaint p. 1-4, 6-7. Further, Schroer alleges

Baldwin should have known about Mr. Crowin's wrongful actions through performance reviews or employee interviews. **See** *id.* Although Schroer has not alleged a specific incident to show Baldwin had actual knowledge of Mr. Crowin's wrongful actions, it is sufficient for Schroer to allege Baldwin should have known of such actions through reasonable oversight. Assuming the facts in the Amended Complaint are true and construing all reasonable inferences in Schroer's favor, the court finds Schroer sufficiently alleges a claim for negligent hiring and supervision.

### 3. Wrongful Termination

Baldwin argues Schroer's wrongful termination claim fails to state a claim because Schroer fails to allege he was an at-will employee, which is an essential element of the claim for wrongful termination in violation of public policy. **See** Filing No. 35 - Brief p. 4-5; Filing No. 38 - Reply. Baldwin argues, without conceding, Schroer alleges facts sufficient to establish an employment contract, therefore, he cannot seek relief available for at-will employees. **See** Filing No. 38 - Reply p. 1-4. In response, Schroer argues he alleges facts that show he was an employee and he was discharged for leaving a lockout device on a machine, which safety regulations required, and therefore the discharge violated public policy. **See** Filing No. 37 - Response p. 3-4. Schroer does not admit he was not an at-will employee.

"Unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason." ***Trosper v. Bag 'N Save***, 734 N.W.2d 704, 706-07 (Neb. 2007). Nebraska "recognize[s], however, a public policy exception to the at-will employment doctrine. Under the public policy exception, [Nebraska courts] will allow an employee to claim damages for wrongful discharge when the motivation for the firing contravenes public policy." ***Wendeln v. The Beatrice Manor, Inc.***, 712 N.W.2d 226, 238 (Neb. 2006) (internal citation omitted).

To ascertain whether Schroer validly asserted his claim for wrongful termination in violation of public policy, the court is required to engage in a brief analysis of Nebraska's treatment of the public policy exception. The Supreme Court of Nebraska first recognized, without adopting, the public policy exception to the at-will employment doctrine in ***Mau v. Omaha Nat.'l Bank***, 299 N.W.2d 147 (Neb. 1980). The court in ***Mau***

6

noted other jurisdictions adopted a rule allowing at-will employees to claim damages for wrongful discharge "when the motivation for the firing contravenes public policy." *Mau*, 299 N.W.2d at 151. Seven years later, after declining to adopt the public policy exception,[3] the Supreme Court of Nebraska applied the public policy exception. **See** ***Ambroz v. Cornhusker Square Ltd.***, 416 N.W.2d 510 (Neb. 1987). In *Ambroz*, the court addressed "whether an employee, whose contract of employment is a hiring at will, ha[d] a cause of action against his employer who terminate[d] the employment . . . because the employee refused to submit to a polygraph examination." *Ambroz*, 416 N.W.2d at 512. The court recognized the general rule that in the absence of contractual or statutory restrictions, an employer could discharge an at-will employee for any reason without incurring liability, but Neb. Rev. Stat. § 81-1932 (Reissue 1999) created an exception to the rule, which provides, in part, that "'[n]o employer or prospective employer may require as a condition of employment or as a condition for continued employment that a person submit to a truth and deception examination. . . .'" *Ambroz*, 416 N.W.2d at 513. The statute provided any person who violated its provisions would be guilty of a Class II misdemeanor. The *Ambroz* court held the statutory provisions constituted a "pronouncement of public policy on the issue of wrongful discharge . . . in language that is clear and unambiguous and specifically prohibits an employer's use of the polygraph to deny employment." *Id.* at 513-14. The court defined the circumstances when the public policy exception would apply:

> This is a case involving a discharge in violation of a clear, statutorily mandated public policy. We believe that it is important that abusive discharge claims of employees *at will* be limited to manageable and clear standards. The right of an employer to terminate employees *at will* should be restricted to exceptions created by statute or those instances where a very clear mandate of public policy has been violated. This case falls within that rule.

*Id.* at 515 (emphasis added).

The Supreme Court of Nebraska revisited the public policy exception in ***Schriner v. Meginnis Ford Co.***, 421 N.W.2d 755 (Neb. 1988). In *Schriner*, an at-will employee claimed the employer wrongfully discharged him for reporting his suspicions the

---

[3] **See, e.g.,** ***Johnston v. Panhandle Co-op. Ass'n***, 408 N.W.2d 261, 269 (Neb. 1987) ("We again decline to adopt the public policy exception at this time.").

employer was violating state odometer fraud laws. ***Schriner***, 421 N.W.2d at 756. The court reasoned the criminal statute was a clear declaration of public policy against odometer fraud. ***Id.*** at 759. However, the court declined to apply the public policy exception because the employee did not act in good faith in reporting the criminal violation. ***Id.***

Subsequently, the Supreme Court of Nebraska addressed the public policy exception is several more cases. **See *Trosper***, 734 N.W.2d at 706; ***Riesen v. Irwin Indus. Tool Co.***, 717 N.W.2d 907, 913 (Neb. 2006); ***Wendeln, Inc.***, 712 N.W.2d at 238; ***Blinn***, 708 N.W.2d at 241); ***Jackson v. Morris Commc'ns Corp.***, 657 N.W.2d 634, 636 (Neb. 2003); ***Malone v. Am. Bus. Info.***, 634 N.W.2d 788, 790 (Neb. 2001); ***Hillie***, 512 N.W.2d at 362; ***Blair v. Physicians Mut. Ins. Co.***, 496 N.W.2d 483, 485 (Neb. 1993); ***White v. Ardan, Inc.***, 430 N.W.2d 27, 30 (Neb. 1988); ***Teetor v. Dawson Pub. Power Dist.***, 808 N.W.2d 86, 91 (Neb. Ct. App. 2012). In all of these cases, wherein the public policy exception was either directly or tangentially addressed, the employees were at-will employees. None of the previously cited cases addressed the situation in which a contract employee filed a claim for wrongful discharge in violation of public policy.

However, courts in other jurisdictions have addressed this issue. In Iowa and Missouri, courts have held wrongful discharge claims are not limited to at-will employees. **See, e.g.**, ***Hagen v. Siouxland Obstetrics & Gynecology, P.C.***, C 11-4047-MWB, 2013 WL 4574456 (N.D. Iowa Aug. 29, 2013) (listing a long line of Iowa cases addressing the public policy exception and determining Iowa court's inclusive language seems to presume that the wrongful discharge tort applies to contractual employees); ***Keveney v. Missouri Military Acad.***, 304 S.W.3d 98, 102 (Mo. 2010) (acknowledging prior Missouri court decisions limiting the tort of wrongful discharge in violation of public policy to at-will employees but concluding "none of these cases has offered a detailed justification for allowing an at-will employee to recover for wrongful discharge while denying the same remedy to a contract employee"[4]). Nevertheless, this

---

[4] The Supreme Court of Missouri found "at least three compelling reasons for allowing contract employees to pursue an action for wrongful discharge in violation of public policy." ***Keveney***, 304 S.W.2d at 102.

> First, limiting the wrongful discharge cause of action to at-will employees
> fails to recognize the distinct underlying purpose of the wrongful

8

court is tasked with determining how the Supreme Court of Nebraska would rule. **See** *Friedberg v. Chubb & Sons, Inc.*, 691 F.3d 948, 951 (8th Cir. 2012) (stating when there is no state supreme court case directly on point, a federal court sitting in diversity must predict how the state supreme court would rule if faced with the issue).

Unlike in Iowa and Missouri, Nebraska has no language extending the claim for wrongful termination in violation of public policy to situations where a contract governs employment. Absent clear language, or at least some indication from the Supreme Court of Nebraska, this court is not willing to extend Nebraska's public policy exception.[5] Nebraska case law clearly states being an at-will employee is a factual prerequisite to asserting a claim for wrongful termination in violation of public policy. Schroer alleges Baldwin and Schroer were parties to an employment contract that included restrictions on Schroer's termination. As such, Schroer was not an at-will employee. Therefore, Schroer's claim for wrongful termination based upon violation of public policy fails because Schroer was allegedly a contract employee.

### 4. Statute of Limitations

Baldwin argues to the extent Schroer alleges "harassment" and "discrimination," such claims are barred by the applicable statute of limitations, which is the 300-day period stated in the Nebraska Fair Employment Practices Act (NFEPA). **See** Filing No. 35 - Brief p. 8-9. In response, Schroer argues his claims are based in contract and tort which have a four or five year statute of limitations. **See** Filing No. 37 - Response p. 5-7. Schroer contends his claims are not brought under NFEPA. **See** *id.*

---

discharge cause of action. . . . Second, given the distinct interests at issue in a wrongful discharge action, it follows that the remedies are distinct. If an employee is discharged for refusing to violate a public policy requirement, a breach of contract action satisfies private contractual interests but fails to vindicate the violated public interest or to provide a deterrent against future violations. . . . Finally, it is inconsistent to allow an at-will employee to pursue an action for wrongful discharge while denying a contract employee the same right. Allowing an at-will employee to pursue an action for wrongful discharge illogically grants at will employees greater protection from these tortious terminations due to an erroneous presumption that the contractual employee does not need such protection.

*Keveney*, 304 S.W.2d at 102-03.
[5] In fact, the Supreme Court of Nebraska's apparent hesitation in adopting the public policy exception would indicate to this court that the Supreme Court of Nebraska is not inclined to readily expand the public policy exception to apply to contractual employees. **See, e.g.,** *Johnston*, 408 N.W.2d at 269.

"In determining which statute of limitations applies to any given cause of action, we bear in mind that a special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject." *Wendeln*, 712 N.W.2d at 235. "To determine the nature of an action, a court must examine and construe a complaint's essential and factual allegations by which the plaintiff requests relief, rather than the legal terminology utilized in the complaint or the form of a pleading." *Johnson v. Knox Cnty. P'ship*, 728 N.W.2d 101, 107 (Neb. 2007). "A written charge of violation of the [NFEPA] shall be filed within three hundred days after the occurrence of the alleged unlawful employment practice[.]" Neb. Rev. Stat. § 48-1118(2). Actions based in tort are subject to a four year statute of limitations. **See** Neb. Rev. Stat. 25-207. Breach of contract claims are subject to a four, for oral contracts, and five, for written contracts, year statutes of limitations. **See** Neb. Rev. Stat. 25-205 and 206.

According to the Amended Complaint, Schroer asserts claims based in contract (breach of contract and the implied covenant of good faith and fair dealing) and tort (negligent hiring and supervision). Schroer alleges Baldwin improperly discharged him in December 2011. Assuming the facts in the Amended Complaint are true and construing all reasonable inferences in Schroer's favor, Schroer filed his complaint within the four and five year limitation period. The NFEPA 300-day limitation period, at this point, appears inapplicable.

### B. Motion to Strike

Alternatively, Baldwin argues if the court does not dismiss Schroer's Amended Complaint, the court should strike the following paragraphs in Schroer's Amended Complaint: "Punitive damages in an amount to be determined at trial" in paragraph X(e) and "[r]eimbursement of attorney's fees" in paragraph X(i) because Schroer has cited no statutory provision supporting such relief. **See** Filing No. 35 - Brief p. 9. Schroer contends he is entitled to recover attorney's fees and special damages under Neb. Rev. Stat. § 48-1114 and 1119(4).[6]

---

[6] "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section . . . 48-1114 may . . . file an action . . . and any successful complainant shall be entitled to appropriate relief, including . . . special damages, reasonable attorney's fees, and costs." Neb. Rev. Stat. § 48-1119(4). Under Neb. Rev. Stat. § 48-1114, "It shall be an unlawful employment practice for an

10

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f).  However, "such relief is an extreme measure, however, motions under Rule 12(f) are viewed with disfavor in the Eighth Circuit and are infrequently granted." ***E.E.O.C. v. Product Fabricators, Inc.***, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012)  (internal quotations omitted).  Although Schroer fails to state a claim for wrongful termination in violation of public policy, Schroer's other claims based in contract and tort remain.  Under Neb. Rev. Stat. § 48-1114 and 1119(4), Schroer may be able to seek the relief requested in paragraph X(e) and (i).  Therefore, at this point in the proceedings, the court will not strike the paragraphs.

**IT IS ORDERED**:

Baldwin's Motion to Dismiss, or, in the alternative, to Strike (Filing No. 34) is denied in part and granted in part.  Schroer's fourth claim for wrongful termination based upon violation of public policy is dismissed.  The motion is denied in all other respects.

Dated this 25th day of October, 2013.

> BY THE COURT:
>
>  s/ Thomas D. Thalken
> United States Magistrate Judge

---

employer to discriminate against any of his or her employees . . . because he or she (1) has opposed any practice made an unlawful employment practice . . . or (3) has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state."